IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,
        Plaintiff,

v.

CASE NO. C2-01-290
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

STEVEN E. THORN, et al.,
        Defendants.

## OPINION AND ORDER

This matter is before the Court upon the Motion of Relief Defendant Frederick D. Harris ("Harris") requesting the undersigned to recuse from this case. For the reasons that follow, the motion is DENIED.

Relief Defendant Harris contends that the undersigned should recuse himself from this case because of a personal relationship with the Receiver, who was appointed upon the request of the Plaintiff, Securities and Exchange Commission ("SEC") in September of 2002. The history of this case has been recited in a number of prior opinions issued by this Court. In summary, the SEC filed a Complaint in this matter on April 2, 2001 and alleged a massive Ponzi scheme involving over 75 million dollars raised from numerous parties throughout the United States as well as investors from abroad. In September of 2002, following a showing by the SEC that Defendant Thorn had violated the Court's Asset Freeze Order, the undersigned appointed Michael O'Grady as Receiver, with the directive that he recover all possible assets owed to the various funds and also to preliminarily determine an equitable and lawful distribution of the

remaining assets. After the SEC initially moved for the appointment of a Receiver, the Court directed the SEC to recommend a person to act in such capacity. Without any involvement from the Court, the SEC, after consulting with the United States Attorney's Office for the Southern District of Ohio, recommended Michael O'Grady, who had previously served as an Assistant United States Attorney.

After receiving such recommendation, the undersigned advised the parties that he had hired Michael O'Grady to be an Assistant United States Attorney in 1994. Further, the undersigned advised the parties that he and Mr. O'Grady were long time acquaintances and friends. The undersigned also indicated to the parties that he would not appoint Mr. O'Grady in the event any objections were raised to his selection. No objections were raised and all of the matters relating to the relationship between the undersigned and Mr. O'Grady were of record prior to his appointment.

Since his appointment, Mr. O'Grady has collected and preserved a large number of assets, including Thorn's personal residence, was secured and later sold. He has pursued a number of claims on behalf of the Receiver's estate and defended the estate against a number of other claims. Further, the Receiver has had a difficult role of reviewing various investments, considering claims, and seeking overpayment before determining an appropriate disbursal of collected and retained funds. To date, over $2.1 million has been distributed to claimants. The Receiver has collected over $425 thousand for the estate and has several substantial claims pending for recovery of assets.

The undersigned is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. 455(a). The issue is whether a reasonable person would have a basis for questioning the Court's impartiality. *United States v.*

*Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). Further, any alleged bias and prejudice must stem from an extrajudicial source and generally cannot be based upon prior rulings by the Court in the same proceeding. *Burne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001).

The Court notes that the relationship with Mr. O'Grady was disclosed in September of 2002. Mr. O'Grady has no personal interest in the outcome of this case, other than for compensation for services rendered and expenses. He is not personally a party or compensated on the basis of decisions made by this Court. Further, in April of 2006, the movant, Frederick D. Harris, filed a formal Complaint of Judicial Misconduct against the undersigned, essentially alleging the same matters set forth in the pending motion. The Complaint was submitted in accordance with 28 U.S.C. § 351(c) and Rule 3(a) of the Rules Governing Complaints of Judicial Misconduct or Disability. Thereafter, the Chief Judge of the United States Court of Appeals for the Sixth Circuit found no merit in the Complaint filed by Harris. Harris thereafter appealed the decision of Chief Judge Boggs to the Judicial Council of the Sixth Circuit. On December 16, 2006, the Judicial Council of the Sixth Circuit, in a unanimous vote, determined that the Complaint filed by Harris against the undersigned should be dismissed.

The relationship between Mr. O'Grady and the undersigned is known to Harris because the undersigned disclosed such matters prior to the appointment of the Receiver. As Receiver, Mr. O'Grady works as an agent of the Court. The Receiver has been entrusted with significant authority and has exercised significant control over millions of dollars of assets. It is difficult to imagine the undersigned appointing a party to such position in the absence of some special knowledge of such party's experience, trustworthiness and abilities.

Based upon the foregoing, the Court finds that the Motion to Recuse by Relief Defendant Harris is without merit. The Motion (Doc. #875) is **DENIED**.

**IT IS SO ORDERED.**

5-24-2007
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**