IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

STEVEN E. THORN, et al.,

    Defendants.

Case No. 2:01-cv-290

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE MARK R. ABEL

## ORDER

This matter is before the Court on the Final Report of Receiver (Document 1003) and a joint motion filed by the Securities and Exchange Commission ("SEC"), the Receiver, and Relief Defendants: Frederick D. Harris, Blue Chip Investments, LLC, and Solo Ventures, LLC (Document 1002).

The Court accepts the Receiver's Final Report, to which no objections have been filed.

In their joint motion, the parties move the Court to vacate the judgment entered against Relief Defendants on October 14, 2003 pursuant to Civil Rule 60(b)(5). Following the Court's judgment entered October 14, 2003, Relief Defendants have filed several appeals with the Court of Appeals for the Sixth Circuit, including the pending appeal at Case No. 08-3999 (the "Appeal"). The parties have agreed and stipulated that it is in the best interest of all parties, including the receivership estate, that the judgments against the Relief Defendants be vacated and all claims by the SEC against the Relief Defendants be dismissed with prejudice. The parties have further agreed and stipulated that, contemporaneous to this Court granting their motion, the Relief Defendants shall file a notice of dismissal with prejudice in the Appeal, any claims that the Relief Defendants may have had under the receivership estate are withdrawn, and the Relief Defendants shall be forever barred from making any further claims against the SEC,

the Receiver, and the receivership estate for any other matters arising under this case. Pursuant to the parties' agreement, the Appeal was voluntarily dismissed today, December 10, 2009.

Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure state that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if the judgment has been satisfied, released, or discharged; if applying the judgment is prospectively is no longer equitable; or if any other reason justifies relief. Because the parties' agreement and stipulation will resolve all claims by and between the parties, the Court finds that the parties' agreement and stipulation justify the relief sought by the parties. The Court therefore grants the parties' joint motion.

For the reasons discussed above, the Court hereby **ACCEPTS** the Final Report of Receiver (Document 1003) and **ORDERS** the Receiver to make disbursements in accordance with the Final Report. The Court further **GRANTS** the parties' joint motion (Document 1002) and **VACATES** the judgment entered against Relief Defendants on October 14, 2003.

**IT IS SO ORDERED.**

12-10-2009
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**