## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

      v.

STEVEN E. THORN, et al.,

                Defendants.

**Case No. 2:01-cv-290**

**JUDGE SARGUS**

**MAGISTRATE JUDGE ABEL**

### OPINION AND ORDER

Presently before the Court is Relief Defendant Durietha Dziorney's Motion to Vacate or Set Aside Disgorgement Judgment (Doc. 1014). For the following reasons, Dziorney's motion is **DENIED**.

On November 5, 2003, a disgorgement judgment of $38,000.00 was entered against Dziorney. (*See* Doc. 609.) Dziorney, proceeding pro se, moves for relief from this judgment on several grounds including that the doctrines of res judicata and laches bar Plaintiff's enforcement of the judgment, that the statute of limitations has run, and that relief is appropriate pursuant to Rule 60(b)(6). As explained below, each of the asserted bases for relief lacks merit.

"The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). The doctrine of res judicata is divided into two categories of application—claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion bars the relitigation "of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion bars the relitigation "of an issue of fact or law

actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *Id.* at 748–49.  Dziorney contends that the Final Report of Receiver (Doc. 1003), wherein the receiver stated that, following Dziorney's surrender of a diamond ring that was also the subject of the final judgment, he "did not believe that any additional claims against her were justified" precludes Plaintiff from attempting to collect on the judgment because Plaintiff did not object to the report.  However, the Court agrees with Plaintiff that Dziorney's res judicata argument fails to take into consideration the context of the Receiver's report, and is thus not well taken.  As noted by Plaintiff, the Receiver's report reports the Receiver's actions.  The report does not represent litigation and determination of Plaintiff's right to collect on the judgment it obtained against Dziorney.

Dziorney next asserts that Plaintiff's right to collect on the judgment is barred by the applicable statute of limitation or by the doctrine of laches.  However, these arguments are also not well taken as "[i]t is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 416 (1940).

Finally, Dziorney seeks relief from judgment pursuant to Rule 60(b)(6), which provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
>
>     (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(6).  Pursuant to Sixth Circuit precedent, this rule "provides relief 'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Exp.-Imp. Bank of the U.S. v. Advanced*

*Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001)).  Dziorney contends that relief is appropriate essentially because she is unable to satisfy the judgment because of financial hardship.  Her claimed hardship, however, is unsupported by affidavit or documentation.  Absent such documentation or supporting evidence, the Court is unable to make the requisite determination that exceptional or extraordinary circumstances exist in this case.

For the above-stated reasons, Dziorney's Motion to Vacate or Set Aside Disgorgement Judgment (Doc. 1014) is **DENIED**.

**IT IS SO ORDERED.**


_____10-5-2011_____
**DATED**

_____
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

3